UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22 CR 297 SRC (JMB) |
| JOHN COLLINS-MUHAMMAD, LEWIS REED, and JEFFREY BOYD, | ) ) ) ) ) |
| Defendants. | ) ) |

## SCHEDULING ORDER

Currently pending before the Court is the United States' Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act. [ECF No. 32; hereinafter "Complex Case Motion"] Based on representations of counsel at the defendants' arraignments, the pending motion is unopposed. Pretrial matters have been referred to the undersigned U.S. Magistrate Judge. The motion is granted.

On May 24, 2021, a Grand Jury in our District returned a 66-page, multi-count Indictment against the named defendants. The Indictment charges a variety of offenses, including theft or bribery concerning programs receiving federal funds, bribery, and fraud. Defendants appeared with counsel for their arraignments on June 2, 2022. At that time, the United States represented that the case was complex and that it would be filing the instant motion. Defendants' attorneys advised the Court that they were not opposed to the motion.

The Complex Case Motion notes several important facts for the Court's consideration. First, the nature of the charged offenses stem from a "long term public corruption investigation, from January, 2020 through March, 2020," and any trial could last weeks. [ECF No. 32 at ¶¶ 1,2] Additionally, the United States reports that the discovery is exceptionally voluminous, and

"involves several hundred audio and video recordings of meetings and telephone calls, hundreds of email and text message communications, court ordered search warrants, pen register information, toll records, and records of various financial institutions." [Id. at ¶ 3]

For the reasons stated below, the Complex Case Motion will be granted. The Court will set an attorneys-only status hearing. At the status hearing, the parties are expected to provide a reasonable schedule for filing pretrial motions and to identify any other issues that may need to be resolved prior to setting a trial date in this matter.

The Speedy Trial Act, 18 U.S.C. § 1361 et seq., provides that "the trial of a defendant charged in an indictment … with the commission of an offense shall commence within seventy days from the filing date (and making public) of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Certain periods of delay are excluded in computing the time within which the trial of an offense must commence. See 18 U.S.C. § 3161(h). Among such excluded periods are "delay[s] resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Another period which may be excluded in computing the time within which the trial of an offense must commence is the delay resulting from a continuance granted on the grounds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This continuance may be granted at the request of a party or by the court on its own motion. Id. Section 3161(h)(7)(A) further provides that:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons

2

for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Section 3161(h)(7)(B) sets forth some of the factors the court should consider when determining whether to grant a continuance under § 3161(h)(7)(A). One of those factors considers the complexity of the case. See 18 U.S.C. § 3161(h)(7)(B)(ii). Section 3161(h)(7)(B)(ii) reads as follows:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Based on the representations of the United States regarding the nature and scope of discovery, which are not disputed, and upon consideration of the extensive and complex nature of the charges, the Court concludes that the present matter is especially unusual and complex, within the meaning of the Speedy Trial Act. See 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(ii). It would be entirely unreasonable to expect defense counsel to review the extensive discovery, consult with their clients, conduct independent investigation and research, file pretrial motions, and be ready for trial within the default deadlines established by the Speedy Trial Act. The Court further finds that a failure to continue the pretrial motion deadlines given the circumstances in this matter would unreasonably deny all counsel reasonable time necessary for effective preparation, taking into full account the exercise of due diligence. Therefore, the Court finds that the ends of justice served by deferring a definite schedule for filing pretrial motions outweigh the best interests of the public and Defendants in a speedy trial. The additional time granted shall be excluded from the computation of Defendants' speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

The parties are reminded that, given the complex and serious nature of this case, the undersigned has been and will remain available at other reasonable times to resolve any matters that may require the Court's attention.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [ECF No. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that an <u>attorneys-only</u> status hearing will be set by FURTHER ORDER OF THE COURT.[1]

**IT IS FURTHER ORDERED** that the trial of this matter will be set upon the conclusion of pretrial proceedings.

 /s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of  June , 2022.

---

[1] Counsel for Co-Defendant Boyd has filed a motion to withdraw upon entry of new counsel.  [ECF No. 31]   Until new counsel enters, it would be impracticable and inefficient to hold the necessary attorneys-only status hearing to determine filing deadlines.