UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:22-CR-00297 SRC |
| v. ) | |
| ) | |
| JOHN COLLINS-MUHAMMAD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT JOHN COLLINS-MUHAMMAD'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now Defendant John Collins-Muhammad, by counsel, and submits the following objections to the Presentence Investigation Report ("PSR") Doc # 84:

**I.    Paragraph 144 - $19,500 requested in restitution by the Federal Bureau of Investigation pursuant to 18 U.S.C. § 3663A.**

Defendant objects to Paragraph 144 of the Presentence Investigation Report (Doc. 84) insofar as it claims that restitution should be paid to the Federal Bureau of Investigations (FBI). According to the paragraph, the FBI is seeking as restitution nineteen thousand and five hundred dollars ($19,500.00) for "bribe money" paid by John Doe to Defendant to further the FBI's sting operation.

Federal courts lack "inherent authority to order restitution and may do so only as explicitly empowered by statute." *United States v. Randle*, 324 F.3d 550, 555 (7th Cir. 2003) (quoting *United States v. Hensley*, 91 F.3d 274, 276 (1st Cir. 1996)).  The Court's authority for restitution orders is found in the Victim and Witness Protection Act of 1982 ("VSPA"). *See* 18 U.S.C. § 3663, 3664. Section 18 U.S.C. § 3663 does not authorize courts to order restitution of "buy money" because restitution under the statute is for "victims," and the Government is not a victim when it fronts

buy/bribe money or other investigative costs. *See United States v. Cook*, 406 F.3d 485, 489 (7th Cir. 2005); *United States v, Brooks*, 114 F.3d 106, 108 (7th Cir. 1997); *United States v. Daddato*, 996 F.2s 903, 906 (7th Cir. 1993); *see also United States v. Gibbens*, 25 F.3d 28, 32 (1st Cir. 1994); *Gall v. United States*, 21 F.3d 107, 111 (6th Cir. 1994). The VWPA does not authorize the recovery of investigatory or prosecutorial expenses as "restitution." *United States v. Menza*, 137 F.3d 533, 539 (7th Cir. 1998).

The VWPA "aims to protect victims, not to safeguard the government's financial interest in funds used as bait to apprehend offenders." *United States v. Meacham*, 27 F.3d 214, 218 (6th Cir. 1994). When the government agents pay bribe money "the government did not lose money as a direct result of [defendant's] activities." *United States v. Salcedo-Lopez*, 907 F.2d 97, 98 (9th Cir. 1990); *see also United States v. Khawaja*, 118 F.3d 1454, 1460 (11th Cir. 1997) (holding that when agents utilize funds as buy money the government "got what it paid for," evidence of defendant's guilt). Therefore, Defendant objects to the PSR insofar as it suggests that 18 U.S.C. § 3663A requires repayment of restitution to the FBI for "bribe money," which is an investigative cost and akin to buy money.

Though not raised in the PSR, it is necessary to discuss how some courts have applied 18 U.S.C. § 3583(d)'s "catch all" provision, which allows for a court to order "any other condition" of supervised release that a court deems appropriate. This has been used by some courts to order the repayment of government investigative costs. *See Daddato*, 996 F.2d at 906 (7th Circuit adopting this position when appropriate). However, Second, Third, and Sixth Circuits disagree with the Seventh Circuit reasoning and have found that the catch all provision of 3583(d) would allow district courts to circumvent the statutory limitations on restitution orders if used in this

2

manner. *See United States v. Varrone*, 554 F.3d 327, 335 (2d Cir. 2009); *United States v. Cottman*, 142 F.3d 160, 169-70 (3d Cir. 1998); *Gall,* 21 F.3d at 112-13.

Counsel can find no position taken by the Eighth Circuit. In *United States v. Gibson*, 873 F.Supp. 1339 (N.D. Iowa 1995), a District Court did review this issue and found that the government is not entitled to "restitution" for investigative costs under the VWPA and that repayment of the costs under the catch all provision of 3583(d) would be improper for similar reasons. Even if the Court were to entertain repayment of these funds as a condition of supervised release, the Court would still need to assess defendant's financial resources, financial needs, and earning ability and defendant's financial obligations to his dependents. When factoring all these considerations, repayment of this money is not proper under the circumstances.

**II.    Defendant has no objection to the application of USSG §2C1.1(b)(1) which calls for an increase to the offense level by two levels as the offense involved more than one episode of a bribe (Projects A and B).**

Though Defendant initially disagreed with this enhancement and reserved the right to challenge it under the Guilty Plea Agreement, after additional consideration and review of the Guideline and relevant case law, Defendant elects not to challenge this Guideline and finds it appropriate.

Despite Defendant's concession on this point, Defendant does reserve the right under 18 U.S.C. § 3553(a) to request the Court consider whether circumstances of the offense and the characteristics of the defendant rise to the level that would warrant a sentence below the guideline range.

WHEREFORE, for the reasons stated herein, Defendant respectfully requests the Court sustain his objections to the PSR.

        Respectfully submitted,

        FRANK, JUENGEL & RADEFELD,
        ATTORNEYS AT LAW, P.C.


By */s/ Joseph W. Flees*
    JOSEPH W. FLEES (#60872MO)
    Counsel for Defendant
    7710 Carondelet Avenue, Suite 350
    Clayton, Missouri 63105
    (314) 725-7777
    jflees@fjrdefense.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Hal Goldsmith
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

        */s/ Joseph W. Flees*
        JOSEPH W. FLEES